Johnson, J.
The defendants’ motion to dismiss the complaint as to all the notes except the first, was altogether inappropriate, and the exception to. the refusal to dismiss is unavailing. It is conceded, on the part of the defendants, that a good cause of action was made out upon the *662 first note. It is contended, however, in respect to the residue of the notes, that they are not negotiable promissory notes, but that they are part and parcel of the contract-between the defendants and the payee, and are subject to the terms and conditions of that contract in the hands of the plaintiff. It is not material, in my judgment, to determine whether these instruments are strictly negotiable promissory notes, unless it shall be found upon examination that the agreement proved and read by the defendants upon the trial, and the other matters offered to be proved by them, would constitute a defense in case the notes should be held to be not negotiable. Because no question was raised upon the trial as to whether the plaintiff could obtain title to the instruments by the mere endorsement and delivery of the same by the payee; and it cannot be raised here. , Had it been raised upon the trial, the plaintiff might, peradventure, have given other proof of his title.
Regarding the plaintiff, therefore, as having the legal title to the notes, and as the proper party to the action, let us see whether the matters proved, and offered to be proved, conceding the instruments not to be negotiable, would constitute any defense. By the contract it was stipulated that Barnum should have his election either to hold and take the stock and cancel the principal note and these interest notes, or to enforce the payment of said principal note and the interest notes. And in case he enforced the notes, and upon payment thereof, by the defendants, he was to re-transfer said stock to them, and.not otherwise. He could do either, at his option, at the expiration of the stipulated time, without any preliminary act, determination or notice. If he chose to enforce the notes, or cause them to be enforced, then he was bound to return the stock when the notes were all fully paid, find not before. Payment was most clearly a condition precedent to Barnum's obligation to re-transfer the stock, and to their right to have it, should the notes be enforced. His right to enforce *663 the notes, or to cause them to be enforced, is absolute and unconditional, He was in' no respect bound either to give notice of his election, or to offer to transfer back the stock to enable himself to enforce the notes. This is very clear. The question then arises whether the evidence) had the defendants been allowed to give it, of the pledge of the stock as collateral) by Barnum, before the maturity of the notes, and that they were still held in pledge, would have proved, or tended to prove, that he had elected to hold and take the stock absolutely, so as to entitle the defendants to have the notes cancelled according to the agreement. Most, certainly not. Even if it was pledged, it was in a situation to be redeemed, and the law will presume that the party will do whatever is necessary to be done to fulfil his contract, so long as it can be plainly seen that performance is within his power. He had not, according to the offer, put it out of his power to perform, when the defendants should be entitled to demand it. He was not, therefore, either in default, or in such a situation that a default on his part would necessarily happen, when the-notes should be paid.
By transferring the notes absolutely to a third party, Barnum has necessarily elected to have them enforced, and will be bound to re-transfer the stocks to the defendants as soon as they shall have paid the notes. If he does not they will have their remedy upon the agreement.
But manifestly the notes are not cancelled, and nothing which was proved, or offered to be proved, would constitute any defense to the action.
If it were necessary, to determine the question whether these several instruments, with the exception of the first, were negotiable, so as to protect the holder, taking them before maturity, from the provisions of the contract without any other notice than what appears upon their face I should incline most, decidedly to the opinion, that they were not, but would be affected and controlled by the contract, *664 in the hands of any holder. They are provided for in the contract, and the contingency upon which they are to be cancelled without payment, specified. In the three last, in the order of date, it will be seen that the promise is in express terms, to pay according to the conditions of this contract. And in all the others, except the first, while the promise to pay seems to be absolute and unconditional, there is yet in the body of eqch, incorporated as part of the instrument, a statement in substance that it is given in accordance with the conditions of this contract. To be in. accordance with the conditions of the contract they would of course be subject to be given up, or cancelled, without payment, in case Barnum should elect to hold and take the stock at the period of their maturity. And any one, would, I think, on taking them, be bound to take notice of the con ' ditions of the contract referred to. The statement, I think, is something more than a mere earmark by way of identification of the transaction in which the notes had their inception. It is a general principle that a cotemporaneoua contract in wilting may vary the face of a note where the two instruments are connected by cross reference, as they are here. (2 Parsons on Motes and Bills, 536.) See alsft the same volume, pages 534 to 544, inclusive, where the whole subject of the effect of collateral written contracta, npon notes, is treated of, and the authorities cited. I have not thought it necessary, however, that this question should be passed upon here.
My cdnclusion is that the judgment should be affirmed.
Davies, J.
The motion for a non-suit was properly overruled. It was conceded that the plaintiff was entitled to recover upon one of the notes mentioned and described in the complaint, and the request should have been, in form, to have the judge instruct the jury that the plaintiff was only entitled to recover on that note, and upon refusal, to have taken an exception.
*665 The notes mentioned and set out were promissory notes, within the rules laid down by this court in the cases of Fairchild v. Ogdensburgh Railroad Company (15 N. Y. 337); Hodges v. Shuler (22 N. Y. 114); Bull v. Sims (23 N. Y. 570.) The possession of the notes by the plaintiff furnishes príma facie evidence that the endorsement of Barnum was made upon a good consideration before maturity. (Pratt v. Adams, 7 Paige, 639.)
The plaintiff, as the owner and holder of these notes, was entitled to recover the amount specified therein, unless the defendants established a valid and legal defense. By the terms of the agreement referred to in the notes, Barnum, the payee, at the maturity of the $20,000 note, was to have the election either to take said stock and cancel all of said notes, or enforce payment thereof. And upon payment of all of said notes, the defendants were entitled to a re-tranfer of said stock. The transfer of the interest notes, and the commencement of this action to recover the amount thereof, conclusively indicate that Barnum made the election to enforce payment of the notes. The defendants engagement to pay the same was absolute and unconditional, and they were not entitled to a return of the stock until they made payment of said notes. If they, therefore, wished such return, they should have made such payment or tender thereof, and demanded the stock; but not having done so, their liability on the notes remains;
The judgment should be affirmed, with costs.
Weight, Mullbst and Ingraham, JJ.,'were in favor of affirmance.
Selden and Hogeboom, JJ., and Denio, Ch. J., were for reversal, the latter thinking, however, that the instruments were promissory notes, but that the holder took them with notice of the agreement and the concurrent conditions.
Judgment affirmed.